E-FILED
Monday, 26 October, 2026 02:45:50 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

UNITED STATES OF AMERICA,
Plaintiff,

v.

TONY M. SCOTT,
Defendant.

Case No. 1:22-CR-10049-JEH

**Order**

Now before the Court is Defendant Tony M. Scott's Amended Motion for Early Termination of Supervised Release. (D. 42).[1] The Government opposes the Motion. (D. 48). Scott filed a reply. (D. 51). For the reasons set forth *infra*, the Court grants the Motion.

**I**

On December 20, 2022, a grand jury returned a one-count indictment charging Scott with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Scott pleaded guilty to that charge on February 9, 2023, pursuant to a written plea agreement. On May 10, 2023, the Court sentenced Scott to 24 months' imprisonment followed by three years of supervised release. The Court imposed no fine and ordered a $100 special assessment.

**II**

Scott began his three-year term of supervised release on August 28, 2024. By the time he sought early termination in September 2026, Scott had completed more than two years—approximately two-thirds—of that term.

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

In February 2025, the United States Probation Office sought modification of Scott's conditions of supervision, but the Court denied the request following a hearing on March 5, 2025. A petition to revoke Scott's supervised release was later filed on July 7, 2025. At the final revocation hearing, the Government moved to remove the alleged domestic-battery violation, and, after receiving evidence and hearing argument, the Court found that the Government had failed to meet its burden and dismissed the revocation petition.

Scott represents that he has maintained steady housing and employment throughout supervision and is employed by HD Supply, where he works weekday shifts that sometimes extend to 12 hours. His work includes deliveries to hotels, schools, and other businesses. Scott further represents that HD Supply offers bonuses for certain travel assignments, but the advance-approval requirements associated with supervision have limited his ability to accept those opportunities. Scott has six children and three grandchildren, maintains relationships with them, and ordinarily spends time with them on weekends. Two of Scott's siblings reside in the Dallas, Texas area and have encouraged him to relocate there, where HD Supply also operates. Scott states that he intends to move to Texas.

**III**

Scott argues that completing more than two years of his three-year term without an adjudicated violation, while maintaining steady employment, housing, and family relationships, demonstrates that continued supervision is unnecessary. He emphasizes that he has completed not merely the statutory minimum of one year, but approximately two-thirds of the entire term imposed. Scott also contends that supervision interferes with his ability to accept time-sensitive work assignments involving travel, earn available bonuses, consider an interstate transfer, and relocate closer to family in Texas.

The Government responds that Scott has been arrested or involved in several encounters with local law enforcement during supervision, although it acknowledges that none of the alleged conduct has been proven beyond a reasonable doubt or by a preponderance of the evidence sufficient to establish a violation. The Government contends that these incidents, Scott's criminal history, the nature of the underlying firearm offense, and the interests of deterrence and public protection weigh against termination. The Government further argues that the three-year term imposed was within the applicable range and that continued supervision provides monitoring and deterrence.

**IV**

Under 18 U.S.C. § 3583(e)(1), after a defendant has completed at least one year of supervised release, a district court may terminate the remaining term if it is satisfied, after considering the specified § 3553(a) factors, that termination is warranted by the defendant's conduct and the interest of justice. The one-year requirement is the statute's only temporal threshold, and a court may not impose an additional categorical waiting period before considering the merits of a request for early termination. *United States v. Lowe*, 632 F.3d 996, 998–99 (7th Cir. 2011); *United States v. Crisp*, 770 F. Supp. 3d 1124, 1131 (C.D. Ill. 2025).

The Court has wide discretion in determining whether early termination is appropriate. *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006). The defendant bears the burden of showing that the applicable § 3553(a) factors, the defendant's conduct on release, and the interest of justice support termination. *United States v. Faine*, No. 3:00-CR-30077, 2017 WL 3112742, at *2 (C.D. Ill. July 21, 2017). The incorporated factors include the nature and circumstances of the offense and the defendant's history and characteristics; the need for deterrence, protection of the public, and necessary education, training, treatment, or correctional care; the applicable guidelines and policy statements; the need to avoid unwarranted

disparities; and the need to provide restitution. 18 U.S.C. §§ 3583(e)(1), 3553(a)(1), (a)(2)(B)–(D), and (a)(4)–(7). The Court must evaluate those considerations in light of Scott's present circumstances and his conduct throughout supervision.

Post-sentencing rehabilitation is highly relevant to a defendant's history and characteristics and may inform the need for deterrence, protection of the public, and further educational or correctional treatment. *See Pepper v. United States*, 562 U.S. 476, 491 (2011). Supervised release is intended to assist a defendant's transition to community life and serves rehabilitative ends distinct from incarceration. *United States v. Johnson*, 529 U.S. 53, 59 (2000).

Section 3553(a)(2)(A), addressing the seriousness of the offense, respect for the law, and just punishment, is not incorporated into § 3583(e), and a court may not rely on those considerations for retributive purposes when deciding a supervised-release matter. *Esteras v. United States*, 145 S. Ct. 2031, 2040 (2025). The nature and circumstances of the underlying offense may nevertheless inform permissible considerations such as deterrence, protection of the public, and rehabilitation. *Id.*

**V**

The nature and circumstances of Scott's underlying firearm offense and his criminal history initially supported a substantial period of supervision. Those considerations remain relevant insofar as they bear on deterrence and protection of the public. The Court must nevertheless determine whether continued supervision remains necessary after considering Scott's present circumstances and his conduct during the portion of supervision already completed.

The length of Scott's completed supervision is significant. Scott has served more than two years of a three-year term, or approximately two-thirds of the entire period imposed. This is substantially longer than the one-year statutory threshold. It also encompasses the period immediately following incarceration, when

supervision ordinarily performs its most important transitional and rehabilitative functions. Scott's sustained employment, stable housing, and continuing family relationships during that period support the conclusion that he can lawfully self-manage without further supervision.

The Government's reliance on Scott's arrests and law-enforcement contacts does not alter that conclusion. An arrest is not a conviction, nor is it a judicial finding that the alleged conduct occurred. Probable cause to arrest is materially different from proof beyond a reasonable doubt, and it is also different from proof by a preponderance of the evidence sufficient to establish a supervised-release violation. The Court cannot infer guilt or draw adverse factual conclusions from the mere fact of an arrest.

That distinction is particularly important here. The Government acknowledges that none of the alleged incidents has been proven beyond a reasonable doubt or by a preponderance of the evidence sufficient to establish a violation. When the Government pursued revocation, the Court found that it had failed to meet its burden and dismissed the petition. The Court also previously denied the requested modification of Scott's conditions. The Court therefore will not treat unproven arrests and allegations as though they were convictions or adjudicated violations.

The deterrence and public-protection factors, viewed in light of Scott's current circumstances, favor termination. Scott has maintained steady employment and housing while completing more than two years of supervision without an adjudicated violation. The record does not establish that continued monitoring is necessary to deter future criminal conduct or protect the public.

Scott's employment also provides meaningful prosocial structure. He works a regular weekday schedule for a national commercial supplier and sometimes works shifts lasting approximately 12 hours. The travel restrictions associated

with supervision have limited his ability to accept certain bonus-eligible assignments and to consider relocation within his employer's national network. Early termination would permit Scott to pursue those lawful employment opportunities without the delay inherent in obtaining advance travel authorization.

Scott's family circumstances further support termination. He maintains relationships with his children and grandchildren, and two siblings living near Dallas have encouraged him to relocate there. These employment and family ties provide support for continued lawful conduct after supervision ends.

The applicable term of supervised release and the need to avoid unwarranted disparities do not outweigh Scott's record during more than two years of supervision. The original three-year term was appropriate when imposed, but § 3583(e)(1) expressly authorizes the Court to reassess whether its continuation remains necessary after considering a defendant's subsequent conduct and the interest of justice.

After weighing all applicable considerations, the Court finds that further supervision is not necessary to provide adequate deterrence, protect the public, or furnish Scott with additional correctional treatment or vocational support. The Court further finds that Scott's completion of approximately two-thirds of his term, sustained employment, stable housing, family relationships, and absence of any adjudicated violation demonstrate that early termination is warranted by his conduct and the interest of justice.

**VI**

For the reasons stated supra, Defendant Tony M. Scott's Amended Motion for Early Termination of Supervised Release (D. 42) is GRANTED. In light of the grant of the amended motion, his pro se Motion for Early Termination of

Supervised Release (D. 40) is MOOT. Scott's term of supervised release is TERMINATED EFFECTIVE IMMEDIATELY.

The United States Probation Office is directed to close supervision consistent with this Order.

*It is so ordered.*

Entered on October 26, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE